IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JON ROSENBLUM,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O ELLIS, et al.,<br><br>        Defendants. | NO. 1:05-cv-01473- LJO- GSA PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. 20)<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

   Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On July 31, 2008, an order was entered, finding that the complaint stated a claim against Defendant Ellis, but failed to state any claims against any other of the named defendants. Plaintiff was granted leave to file an amended complaint to correct the deficiencies that the order identified.  Despite an extension of time, Plaintiff did not file an amended complaint.   On September 22, 2008, Plaintiff filed a notice and request to proceed on the claims found to be cognizable.   Plaintiff specifically indicated that he "wishes to proceed only on the claims identified by the court, as being unto C.O. Ellis."

Accordingly, service was ordered upon Defendant Ellis.  On February 10, 2009, findings and recommendations were entered, recommending that Defendants Vasquez and Robles be dismissed, and Plaintiff's due process and supervisory liability claims be dismissed.  The recommendation noted that Plaintiff notified the Court that he only wished to proceed on the cognizable claims against Defendant Ellis.   After eight extensions of time, Plaintiff filed objections to the findings and recommendations.

In his objections, Plaintiff contends that he was not advised that should he not file an amended complaint, that his due process and supervisory liability claims would be dismissed , and that Defendants Vasquez and Robles would be dismissed.   Plaintiff's objections are largely taken up with disagreements over the substantive analysis of the order dismissing the complaint with leave to amend.  Plaintiff seeks leave to file an amended complaint that cures the deficiencies identified in the order dismissing the complaint.

In the order dismissing the complaint, Plaintiff was clearly advised that he failed to state any claims against Defendants Vasquez, Robles, or the unidentified Lieutenants or Sergeants. Plaintiff specifically indicated that he chose to proceed against Defendant Ellis only.  It follows that the remaining defendants would be dismissed.

Federal Rule of Civil Procedure 15(a) allows for amendment once, as a matter of course, so long as a responsive pleading has not been filed.  Though Plaintiff earlier indicated his desire to proceed on the original complaint as to Defendant Ellis, in the objections clearly indicates his desire to amend the complaint.  No defendant has entered an appearance, and a responsive pleading has not been filed.  The Court will therefore grant Plaintiff leave to file an amended complaint. Plaintiff is advised the Rule 15(a) allows for amendment as a matter of course once. Plaintiff may not further amend without leave of Court.

Plaintiff is reminded of the admonition in the order dismissing the original complaint that Federal Rule of Civil Procedure 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or

alternative claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus, multiple claims against a single party are fine, but claim A against defendant 1 should not be joined with claim B against defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass a multiple claim, multiple defendant suit produces, but also to ensure the prisoners pay the required filing fees. 28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may therefore not add new unrelated claims to the amended complaint.  Plaintiff must limit his amended complaint to curing the defects identified in the order dismissing the original complaint.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, Plaintiff is advised that original legal research is not required in order to cure the defects identified in the original complaint.  The original complaint was dismissed on the ground that Plaintiff failed to allege sufficient facts to state a claim for relief.  The complaint was not dismissed for want of legal research.   Plaintiff is specifically advised that a lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint.  The amended complaint does not require legal analysis.  Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.

The Court will therefore vacate the recommendation of dismissal, and grant Plaintiff leave to file a first amended complaint.  The first amended complaint is due within thirty days of the date of service of this order.  Plaintiff's failure to timely file a first amended complaint will result in a recommendation of dismissal for Plaintiff's failure to prosecute pursuant to Local Rule

3

110. **An extension of time will only be granted on a showing of good cause.**

Accordingly, IT IS HEREBY ORDERED that:

1. The February 10, 2009, recommendation of dismissal is vacated.

2. Plaintiff is granted an extension of time of thirty days from the date of service of this order in which to file a first amended complaint in compliance with the order of July 31, 2008, and this order.

IT IS SO ORDERED.

Dated: **June 10, 2010**         /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE