**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PHILLIP JON ROSENBLUM, | ) | 1:05-cv-01473- LJO- GSA PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| v. | ) | |
| C/O ELLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 31, 2008, an order was entered, finding that the complaint stated a claim against Defendant Ellis, but failed to state any claims against any other of the named defendants. Plaintiff was granted leave to file an amended complaint to correct the deficiencies that the order identified. Despite an extension of time, Plaintiff did not file an amended complaint. On September 22, 2008, Plaintiff filed a notice and request to proceed on the claims found to be cognizable. Plaintiff specifically indicated that he "wishes to proceed only on the claims identified by the court, as being unto C.O. Ellis."

Accordingly, service was ordered upon Defendant Ellis. On February 10, 2009, findings and recommendations were entered, recommending that Defendants Vasquez and Robles be dismissed, and Plaintiff's due process and supervisory liability claims be dismissed. The recommendation noted that Plaintiff notified the Court that he only wished to proceed on the cognizable claims against Defendant Ellis. After eight extensions of time, Plaintiff filed objections to the findings and recommendations.

In his objections, Plaintiff contends that he was not advised that should he not file an amended complaint, that his due process and supervisory liability claims would be dismissed , and that Defendants Vasquez and Robles would be dismissed. Plaintiff's objections are largely taken up with disagreements over the substantive analysis of the order dismissing the complaint with leave to amend. Plaintiff seeks leave to file an amended complaint that cures the deficiencies identified in the order dismissing the complaint.

In the order dismissing the complaint, Plaintiff was clearly advised that he failed to state any claims against Defendants Vasquez, Robles, or the unidentified Lieutenants or Sergeants. Plaintiff specifically indicated that he chose to proceed against Defendant Ellis only. It follows that the remaining defendants would be dismissed.

Federal Rule of Civil Procedure 15(a) allows for amendment once, as a matter of course, so long as a responsive pleading has not been filed. Though Plaintiff earlier indicated his desire to proceed on the original complaint as to Defendant Ellis, in the objections he clearly indicated his desire to amend the complaint. On June 10, 2010, an order was entered, vacating the recommendation of dismissal and granting a thirty day extension of time to file an amended complaint in compliance with the order of July 31, 2008. Plaintiff was specifically cautioned that his failure to do so would result in a recommendation of dismissal pursuant to Local Rule 110. The thirty day period has expired and Plaintiff has not filed an amended complaint.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and

all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

1  satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262;
2  <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.
3       Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for
4  plaintiff's failure to obey a court order.
5       These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

15    IT IS SO ORDERED.

16    Dated:   **July 14, 2010**                 /s/ **Gary S. Austin**
17                                                                 UNITED STATES MAGISTRATE JUDGE