# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JON ROSENBLUM,<br><br>        Plaintiff,<br><br>   v.<br><br>C/O ELLIS, et al.,<br><br>        Defendants. | CASE NO. 1:05-cv-01473-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 20)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of First Amended Complaint**

**I.  Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 31, 2008, an order was entered, finding that the complaint stated a claim against Defendant Ellis, but failed to state any claims against any of the other named defendants. Plaintiff was granted leave to file an amended complaint to correct the deficiencies that the order identified. Despite an extension of time, Plaintiff did not file an amended complaint. On September 22, 2008, Plaintiff filed a notice and request to proceed on the claims found to be cognizable. Plaintiff specifically indicated that he "wishes to proceed only on the claims identified by the court, as being unto C.O. Ellis."

Accordingly, service was ordered upon Defendant Ellis. On February 10, 2009, findings and recommendations were entered, recommending that Defendants Vasquez and Robles be dismissed, and Plaintiff's due process and supervisory liability claims be dismissed. The recommendation noted that Plaintiff advised the court that he wished to proceed only on the cognizable claims against

Defendant Ellis. After eight extensions of time, Plaintiff filed objections to the findings and recommendations.

In his objections, Plaintiff contended that he was not advised that, should he not file an amended complaint, his due process and supervisory liability claims would be dismissed, and that Defendants Vasquez and Robles would be dismissed. Plaintiff's objections were largely taken up with disagreements over the substantive analysis of the order dismissing the complaint. In his objections, Plaintiff sought leave to further amend the complaint. In an order entered on June 10, 2010, the court vacated the findings and recommendations and granted Plaintiff's request for leave to file an amended complaint. On July 20, 2010, Plaintiff filed the first amended complaint that is now before the court.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

(9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

### III.   Plaintiff's Claims

Plaintiff, an inmate currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Wasco State Prison. The event that gives rise to this lawsuit occurred while Plaintiff was housed at Wasco. Plaintiff, a sensitive needs (SN) inmate, alleges that Defendants failed to protect him from general population (GP) inmates. As a result, Plaintiff was physically attacked, suffering injury as a result. In an order entered on July 31, 2008, the court noted that Plaintiff stated a claim for relief as to Defendant Ellis for failure to protect Plaintiff in violation of the Eight Amendment, but failed to state a claim against Defendant Warden Vasquez or Deputy Warden Robles. Plaintiff also failed to state a claim for a due process violation, or for supervisory liability. In the first amended complaint, Plaintiff names the same defendants: Warden Pat Vasquez, Deputy Warden Robles, and C/O Ellis. Plaintiff sets forth claims of failure to protect in violation of the Eighth Amendment, supervisory liability and state law claims.

#### A.   Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also <u>Farmer v. Brennan</u>, 511 U.S. 825, 833(1994). To establish a violation of this duty, a prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. <u>Farmer</u>, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the inmate must show that "the official [knew] of and disregarded an excessive risk to inmate... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." <u>Farmer</u>, 511 U.S. at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

In the first amended complaint, Plaintiff, as in the original complaint, alleges facts indicating

that Defendant Ellis knew of and disregarded a serious risk to Plaintiff's safety, resulting in injury to Plaintiff. Plaintiff is a sensitive needs inmate, and is housed with other SN inmates separately from general population inmates. Plaintiff alleges that, on the date at issue in this lawsuit, Defendant Ellis was on duty in the control tower. (Am. Compl. P. 2.) Plaintiff alleges that the GP inmates were known enemies of Plaintiff. Id. Plaintiff alleges that two of the four GP inmates were on the stairs about twenty feet from Plaintiff, "looking aggressively at him." Id. Defendant Ellis, rather than summoning staff to intervene, told the GP inmates to "get back." Id. The first two inmates retreated, and the other two charged Plaintiff and physically attacked him. (Am. Compl. P. 3.) These inmates were in possession of brooms and mops, which could be used as weapons. Id.

Plaintiff specifically alleges that

> During the entire time period that the plaintiff was being assaulted by the two GP inmates and prior to that when the two GP inmates were charging towards the Plaintiff Defendant Ellis failed to take any preventive measures at all what-so-ever to stop this attack on the plaintiff. Defendant Ellis just stood by and did nothing while this assault was occurring. Officer Ellis does not sound his personal alarm, blow his whistle, radio (two-way) for back-up, yell for help, use the telephone to call for assistance in this matter. Ellis does absolutely nothing at all to stop this assault from occurring, and continuing to occur.

Id. The court finds that Plaintiff has alleged facts which, if true, state a colorable claim that Defendant Ellis failed to protect Plaintiff in violation of the Eighth Amendment.

**B.   Supervisory Liability**

In the order dismissing the original complaint, Plaintiff was advised of the following requirements to state a claim for relief as to the supervisory defendants. In City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. There is no authority for the extension of City of Canton and its progeny to a state prison official being sued in his personal capacity. Any failure to train claims are therefore limited to suits against city and county entities.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be

specifically alleged. Faye v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In the first amended complaint, Plaintiff frames his allegation as "whether the supervisors failed to establish, implement, instruct a policy to keep separate GP and SN inmates at all times, due to the GP's strong propensity to attack SN inmates." (Am. Compl. p. 6.) In the order dismissing the original complaint, however, the court noted that Plaintiff explicitly alleged the procedures and/or policies that Defendant Ellis and the absent floor officer should have followed to ensure the safety of SN inmates returning to their cells from the recreation yards. Doc. 1, pp. 10-11, 13-14, and 16-18.[1] Plaintiff specifically alleged a failure by Defendant Ellis to follow policy. The supervisory defendants can not therefore be liable for failure to implement a policy. Though Plaintiff contends that "discovery will entail whether or not the supervisors did or did not have a GP and SN separation policy in place at the time," there are no allegations that the prison has a policy allowing GP and SN inmates to mix. Plaintiff may not cure the defects identified in the original complaint by omitting the reference to the policy that Defendant Ellis failed to follow.

As noted, Plaintiff states a claim against Defendant Ellis because, in part, he allegedly failed to follow policy. Defendant Ellis knew of the specific harm to Plaintiff and failed to protect

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

Plaintiff. In order to hold Defendants Vasquez and Robles liable, Plaintiff must allege facts indicating that Defendants Vasquez and Robles knew of and disregarded a serious risk to Plaintiff's safety. He has not done so here. The supervisory defendants must therefore be dismissed.

### C. State Law Claim

Plaintiff sets forth a state law claim against Defendant Ellis for negligence. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff is cautioned that, should his Eight Amendment claim be dismissed, or judgment be entered against Plaintiff on his Eighth Amendment claim, the court may decline to exercise jurisdiction over his state law claim. The court therefore reserves discretion to decline to exercise supplemental jurisdiction should Plaintiff's Eighth Amendment claim be dismissed or judgment be entered against Plaintiff on his claim.

### IV. Conclusion and Recommendation

The Court finds that Plaintiff's first amended complaint states claims under section 1983 against Defendant Ellis for failure to protect Plaintiff in violation of the Eighth Amendment. Plaintiff fails to state a claim against the supervisory defendants. Plaintiff has been advised of the deficiencies and has had an opportunity to amend the complaint. Accordingly, the Court recommends that further leave to amend not be granted, and this action be ordered to proceed only on those claims identified herein as cognizable. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed as one for money damages on Plaintiff's first amended complaint, filed July 20, 2010, against Defendant Ellis for failure to protect plaintiff in violation of the Eighth Amendment.
2. Plaintiff's supervisory liability claims be dismissed.
3. Defendants Vasquez and Robles be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 15, 2010              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE