IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JON ROSENBLUM,<br><br>             Plaintiff,<br><br>   v.<br><br>C/O ELLIS,<br><br>             Defendant. | NO. 1:05-cv-01473 LJO GSA PC<br><br>ORDER RE MOTION FOR RECONSIDERATION<br><br>(ECF No. 70) |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action. Pending before the Court is Plaintiff's motion for reconsideration of the October 28, 2010, order adopting the findings and recommendations of the Magistrate Judge.

      On September 16, 2010, the Magistrate Judge entered findings and recommendations that Defendants Vasquez and Robles, be dismissed, along with Plaintiff's supervisory liability claims. The findings and recommendations directed Plaintiff to file any objections within thirty days of the date of service of the findings and recommendations. Court records indicate that the findings and recommendations were served by the Clerk's Office on September 16, 2010. On October 28, 2010, the District Court adopted the findings and recommendations. On the same date, Plaintiff filed a motion for extension of time in which to file objections. Plaintiff seeks reconsideration of the order dismissing Defendants Vasquez and Robles on the ground that he timely filed objections.

     With respect to the timeliness of Plaintiff's motion for extension of time, the motion is deemed filed on the date the prisoner "delivered the notice to prison authorities for forwarding to the [d]istrict [c]ourt." Houston v. Lack, 487 U.S. 266, 270 (1988). The Ninth Circuit has held that the Houston v. Lack rule applies whenever the prisoner has utilized an internal prison mail system and the record allows the court to determine the date on which the filing was turned over to prison authorities. Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994). When a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party. See Faile v. Upjohn Co., 988 F.2d 985, 989 (9th Cir. 1993).

     Here, Plaintiff indicates that he delivered his motion for extension of time to prison authorities on October 20, 2010. A review of Plaintiff's motion indicates that he served it on October 20, 2010. Pursuant to Federal Rules of Civil Procedure 6(a) and (d), Plaintiff had thirty days plus three days for mailing, or until October 19, 2010, in which to file objections. The record clearly indicates that Plaintiff placed his motion for extension of time in the mail on October 20, 2010. Plaintiff concedes that he submitted his document for mailing on October 20, 2010. Plaintiff's motion for extension of time to file objections is therefore untimely.

     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the October 20, 2010, order dismissing Defendants Vasquez and Robles is denied.

IT IS SO ORDERED.

**Dated:   September 14, 2011**          /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE