# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JON ROSENBLUM, | 1:05-cv-01473-LJO-GSA PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE, FOR LIMITED PURPOSE DISCUSSED IN THIS ORDER |
| v. | (Doc. 96.) |
| C/O ELLIS, et al., | ORDER HOLDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN ABEYANCE, PENDING COMPLETION OF DISCOVERY, AND EXCUSING PLAINTIFF FROM FILING AN OPPOSITION |
| Defendants. | (Doc. 104.) |
| | ORDER DENYING PLAINTIFF'S REQUEST TO CONDUCT DEPOSITION, WITHOUT PREJUDICE |
| | (Doc. 97.) |
| | ORDER FOR CLERK TO SEND COPIES OF RULES 28, 29, AND 30 TO PLAINTIFF |
| | **New Discovery Deadline:    April 6, 2012** |

**I.    BACKGROUND**

Phillip Jon Rosenblum ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 21, 2005. (Doc. 1.) This case now proceeds on the First

1

Amended Complaint filed by Plaintiff on July 20, 2010, against defendant Correctional Officer Ellis for failure to protect Plaintiff in violation of the Eighth Amendment.[1] (Doc. 62.)

On February 10, 2011, the Court issued a Discovery/Scheduling Order establishing a deadline of October 10, 2011, for the parties to complete discovery, including motions to compel. (Doc. 74.) On October 11, 2011, Plaintiff filed a motion for an extension of the discovery deadline, and a motion to conduct a deposition with the court's assistance. (Docs. 96, 97.) On October 21, 2011, Defendant filed an opposition to Plaintiff's motion for extension of the discovery deadline. (Doc. 101.) On December 22, 2011, Defendant filed a motion for summary judgment. (Doc. 104.)

Plaintiff's motions to extend the discovery deadline and to conduct a deposition with the court's assistance are now before the court.

**II.    MOTION TO EXTEND DISCOVERY**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Johnson v. Mammoth Recreations, Inc., 975 F2d 604, 609 (9th Cir. 1992). The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Rule 56 of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant [in a motion for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify it opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56 (d).

///

---

[1] On October 28, 2010, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 66.)

### A. Plaintiff's Position

Plaintiff requests a ninety-day extension of the discovery deadline of October 10, 2011 established by the Court's Discovery/Scheduling Order in this action, so that he can propound interrogatories, conduct a deposition, and request the production of documents from Defendant. Plaintiff contends that he was unable to conduct discovery during the allotted time because he is not knowledgeable about civil discovery; he did not have sufficient access to the law library while in prison; he has not been able to attend the county law library since he was released on parole on May 21, 2011, and became a transient; and when he attends the library he is unable understand the discovery process, even with the use of civil practice manuals. Plaintiff notes that he has complied with Defendant's discovery requests, including answering interrogatories and attending a deposition. Plaintiff argues that the extension of discovery will not prejudice Defendant because this action has already been pending for nearly seven years, and Plaintiff's expected discovery is not extensive. Plaintiff seeks to propound seven interrogatories, conduct a deposition, and make a request for production of documents. Plaintiff argues that without the information he seeks through discovery, he will be unable to oppose Defendant's motion for summary judgment. Plaintiff asserts that he is able to commence discovery at this late date by imitating the discovery techniques used by Defendant's counsel in this action.

### B. Defendant's Position

In opposition, Defendant argues that Plaintiff has not demonstrated sufficient diligence during the discovery period to establish good cause for the Court to grant his request to extend discovery. Plaintiff did not begin his attempts to obtain discovery until two days before the close of the discovery period. (Declaration of Todd Irby ("Irby Decl."), Doc. 101-1 at ¶7; Exhs. E, F.) During the past seven years, Plaintiff has sought and received at least ten extensions of time to file various pleadings. (Docs. 17, 27, 30, 33, 40, 42, 44, 46, 48, 54.) Defendant argues that, contrary to Plaintiff's assertion of legal procedural and technical ignorance, each of Plaintiff's motions for extension of time demonstrated sufficient familiarity with procedural requirements to obtain the desired result. Defendant notes that notwithstanding his transient status, Plaintiff found a way to prepare and propound his proposed discovery on Defendant, (Irby Decl. at ¶7; Exhs. E, F.), but has

offered no evidence to explain why he wasn't able to formulate the same discovery seven or eight months ago. Defendant also argues that his case will be prejudiced by extension of the discovery deadline if forced to wait three more months to defend this already stale action.

### C. Discussion

Defendant has presented evidence that Plaintiff failed to conduct any significant discovery during the eight-month discovery window established by the Court's Discovery/Scheduling Order. Plaintiff did not commence discovery until October 8, 2011, two days before the discovery deadline, when he served his first set of interrogatories on Defendant. (Irby Decl. at ¶ 7; Exh. E.) While Defendant argues that Plaintiff is plainly able to participate in litigation, as shown by Plaintiff's numerous motions for extension of time, the Court cannot find that Plaintiff's delay in commencing discovery was due to a failure to exercise due diligence. Instead, the Court finds that Plaintiff's delay was due to his lack of understanding of the discovery process and his lack of success in finding assistance. Learning to navigate the discovery process is a complex undertaking and cannot be compared to preparing a motion for extension of time. Plaintiff complains that he lacked adequate access to the library, and when he did attend the library he did not understand how to use the available materials. Plaintiff admits that he is only able to commence discovery now by imitating the discovery techniques used by Defendant's counsel in this action. The evidence shows that Plaintiff never stopped prosecuting this action. Plaintiff complied with Defendant's discovery requests and continued to participate even after he was paroled and struggled with transiency.

Plaintiff maintains that he is unable to oppose Defendant's pending motion for summary judgment without the information he seeks through discovery. Pursuant to Rule 56, the Court shall defer considering Defendant's motion for summary judgment and allow time for Plaintiff to conduct limited discovery.

Plaintiff asserts that he only seeks to propound seven interrogatories and conduct a deposition.[2] Plaintiff shall be granted leave to propound seven interrogatories upon Defendant.

---

[2] Plaintiff also asserted that he sought to make a request for production of documents. (Request, Doc. 96 at 3 ¶4.) However, on January 25, 2012, Plaintiff notified the court that the "production of document request is [] now not necessary, and can be removed, . . . leaving "two discovery items." (Motion, Doc. 106 at 2 ¶1.)

4

However, Plaintiff's request to conduct a deposition shall be denied, without prejudice. To conduct a deposition, Plaintiff must comply with Rule 30 of the Federal Rules of Civil Procedure. The Court will direct the Clerk's Office to send Plaintiff copies of Rules 28, 29, and 30 of the Federal Rules of Civil Procedure. If, after reviewing the rules, Plaintiff believes he is able to depose a person in compliance with the rules, Plaintiff shall notify the Court and *make a showing that he is able and willing to retain an officer* to take responses and prepare the record.[3] Fed. R. Civ. P. 30(b) (emphasis added). At that juncture, the Court will consider Plaintiff's request to seek a deposition and will determine what course of action is needed to facilitate the deposition.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of the discovery deadline in this action is GRANTED, for the limited purpose of allowing Plaintiff to propound seven interrogatories upon Defendant;

2. The NEW DEADLINE for the completion of discovery, including motions to compel, is April 6, 2012;

3. Pursuant to Rule 56, Defendant's motion for summary judgment, filed on December 22, 2011, is HELD IN ABEYANCE pending completion of discovery, and Plaintiff is EXCUSED from filing an opposition to the motion for summary judgment at this stage of the proceedings;

4. Plaintiff's request to conduct a deposition with court assistance is DENIED, without prejudice;

5. The Clerk's Office shall SEND Plaintiff copies of Rules 28, 29, and 30 of the Federal Rules of Civil Procedure; and

///
///
///

---

[3] Plaintiff's in forma pauperis status does not entitle him to payment of costs of depositions.

6. In conducting discovery, the parties must comply with Federal Rules of Civil Procedure 1, 16, and 26-36, as discussed in the Court's Discovery/Scheduling Order of February 10, 2011.

IT IS SO ORDERED.

Dated:   **February 2, 2012**                    _____/s/ **Gary S. Austin**_____
                                                                    UNITED STATES MAGISTRATE JUDGE