IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JON ROSENBLUM,<br><br>    Plaintiff,<br><br>vs.<br><br>C/O ELLIS, et al.,<br><br>    Defendants.<br>_____/ | 1:05-cv-01473-LJO-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY<br><br>ORDER CLOSING DISCOVERY<br><br>ORDER REINSTATING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COURT'S CALENDAR<br>(Doc. 104.)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT<br>(Doc. 109.)<br><br>THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 21, 2005. (Doc. 1.) This case now proceeds on the First Amended Complaint filed

1

by Plaintiff on July 20, 2010, against defendant Correctional Officer Ellis ("Defendant") for failure to protect Plaintiff in violation of the Eighth Amendment.[1]  (Doc. 62.)

On February 29, 2011, Plaintiff filed a motion to extend the discovery deadline in this action, to compel Defendant to respond to Plaintiff's interrogatories, and to extend time for Plaintiff to file an opposition to Defendant's motion for summary judgment. (Doc. 109.)  On March 5, 2012, Defendant filed an opposition. (Doc. 110.)  Plaintiff did not file a reply to the opposition.  Plaintiff's motion is now before the Court.

## II.   MOTION TO COMPEL

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### A.   **Plaintiff's Motion**

Plaintiff seeks an order compelling Defendant to answer his interrogatories. Plaintiff declares under penalty of perjury that Defendant "declined to answer Plaintiff's discovery requests, absent a court order." (Motion, Doc. 109 at 2 ¶3.)

### B.   **Defendant's Opposition**

In opposition, Defendant argues that he fully responded to each of Plaintiff's discovery requests. Defendant submits as evidence copies of Plaintiff's seven interrogatories and Defendant's responses dated February 27, 2012. (Opp'n, Doc. 110, Exh. A, C.)

///
///

---

[1] On October 28, 2010, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 66.)

2

## C. Discussion

Plaintiff has not offered any evidence, except his statement that Defendant "declined to answer," demonstrating that Defendant's responses to Plaintiff's interrogatories were deficient, whereas Defendant has submitted evidence showing that he responded to each of Plaintiff's seven interrogatories. (Opp'n, Exh. C, Doc. 110-4). While the evidence shows that Defendant raised objections to most of Plaintiff's interrogatories, Defendant also made substantive responses to each of the questions asked by Plaintiff. Id.[2] Plaintiff did not address Defendant's individual responses l in his motion to compel. As discussed above, the moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett, 296 F.3d at 751. Plaintiff has not met his burden, and his argument fails. Therefore, Plaintiff's motion to compel shall be denied.

## III. PLAINTIFF'S MOTIONS TO EXTEND TIME

Plaintiff requests an extension of the April 6, 2012 discovery deadline in this action established by the Court's order of February 3, 2012. (Doc. 108.) Modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). Plaintiff seeks an extension of the discovery deadline to allow time for the Court to compel Defendant to respond further to Plaintiff's interrogatories. In light of the Court's decision to deny Plaintiff's motion to compel, there is no good cause to extend the discovery phase of this action. The parties have now completed discovery. Therefore, Plaintiff's motion to extend the discovery deadline shall be denied, and discovery in this action is closed.

Plaintiff also requests an extension of time to respond to Defendant's motion for summary judgment. Good cause appearing, Plaintiff shall be granted thirty days from the date of service of this order in which to file a response to Defendant's motion for summary judgment.

---

[2] E.g., "**RESPONSE TO INTERROGATORY NO. 2:** Objection: Responding party objects to the interrogatory as vague, ambiguous, overly broad, and unintelligible as to the phrase 'the matter.' Without waiving the objection, responding party states that all of the information which is responsive to the interrogatory is set forth in the CDCR Crime/Incident Reports that are attached to this response as Exs. A-G." (Opp'n, Exh. C, Doc. 110-4 at 3:7-11.)

3

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel is DENIED;
2. Plaintiff's motion for extension of the discovery deadline in this action is DENIED;
3. Discovery in this action is CLOSED;
4. Defendant's motion for summary judgment, filed on December 22, 2011, is REINSTATED on the Court's calendar;
5. Plaintiff's motion for extension of time to file a response to Defendant' motion for summary judgment is GRANTED;
6. Within thirty days from the date of service of this order, Plaintiff shall file a response to Defendant's motion for summary judgment; and
7. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed, with prejudice, for Plaintiff's failure to prosecute this action.

IT IS SO ORDERED.

Dated:   April 9, 2012              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE